## MEDICAL MALPRACTICE REVIEW PANEL

Cynthia L. Samuel

v.

Commonwealth of Virginia et al.

November 7, 1988

By JUDGE RANDALL G. JOHNSON

This is a medical malpractice action presently pending before a medical review panel, of which the undersigned is chairman, under the provision of Va. Code § 8.01-581.1 *et seq.* Five of the named respondents, Drs. George H. Freeman, Todd E. Billett, Carolyn M. Matthews, Bradley J. Van Voorhis, and Janice Gibson, have filed special pleas asking the panel to hold that they are cloaked with sovereign immunity and are therefore not required to participate in the panel proceedings. Claimant opposes the special pleas on the ground, *inter alia*, that questions of sovereign immunity may not appropriately be raised before, or addressed by, medical review panels. I agree.

In enacting the Medical Malpractice Act, including the Act's provisions regarding medical review panels, the General Assembly made it clear that panel decisions are not binding in subsequent litigation. Thus, while the panel may make any one of our specific findings set out in Va. Code § 8.01-581.7, Va. Code § 8.01-581.8 specifically states:

An opinion of the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, *but such opinion shall not be conclusive* . . . . (Emphasis added.)

In light of the sometimes changing and always debatable nature of the sovereign immunity issue in this Commonwealth, it is not at all unreasonable to believe that whatever ruling this panel might make on that issue will not be followed by the court that eventually considers the identical issue in a subsequent lawsuit between these parties. If this panel were to rule that sovereign immunity does exist and a court later rules it does not, one of the parties would likely be in a good position to argue that the court proceeding could not proceed until another panel hearing, and all of the accompanying procedures, were conducted. It is my opinion that the inconvenience and increased expense which would result from such an occurrence far outweighs the inconvenience and expense occasioned by these particular respondents in participating in the panel proceedings at this time. This is particularly true in light of the fact that to a large extent the parties to these proceedings decide for themselves the extent of their involvement in the proceedings. Moreover, even if this panel were to rule that these particular respondents are immune, the Commonwealth of Virginia would continue to be a respondent under the Virginia Tort Claims Act, Va. Code § 8.01-195.1 *et seq.* Since the presence of the Commonwealth as a respondent subjects the acts of the respondents seeking immunity to the same scrutiny whether or not they, themselves, are respondents, any additional expense and inconvenience caused by not declaring them immune in this proceeding is minimal. For the foregoing reasons, the please of sovereign immunity will be overruled.